Ms. Willie Enstrom Program Administrator Colorado State Board of Nursing 1525 Sherman Street Denver, CO 80203
Dear Ms. Enstrom:
On April 16, 1981, in a letter addressed to Mrs. Anne Gough, program administrator, Colorado State Board of Nursing, I responded to an inquiry of the board concerning the question of whether nurses may accept and act upon medical orders of physician extenders. As you know, my opinion stated that nurses may not do so. A copy of that opinion (alpha no. RG NU AGADU) is attached hereto.
A question has now been raised as to the scope of my prior opinion, and this letter is written for the purpose of clarification.
QUESTION PRESENTED AND CONCLUSION
Specifically, the question raised is whether my April 16, 1981 opinion (alpha no. RG NU AGADU) implies that nurses may not execute orders of physicians that are conveyed to the nurses through physician extenders.
 No such implication should be drawn from the opinion. It is my opinion that nothing in the Nurse Practice Act prevents nurses from executing orders of physicians that are conveyed through physician extenders or physician assistants as long as the conditions set forth herein are met.
ANALYSIS
My April 16, 1981 opinion states that nurses may not lawfully (under the Nurse Practice Act) administer medications or treatments or execute medical orders prescribed by aphysician extender. This prohibition under the Nurse Practice Act, C.R.S. 1973, 12-38-101 et seq., applies to those situations where the physician extender is indeed prescribing independently, pursuant to protocol. The prohibition does not apply to situations where the physician extender is not prescribing independently, but is merely acting as a conduit in conveying or communicating to a nurse the actual order of a physician. It is my opinion that no statutory prohibition exists under the Nurse Practice Act with regard to nurses executing physician orders conveyed by the latter means as long as the following conditions are met.
First, the nurse following the order in question must take reasonable steps to assure herself that the order is, indeed, that of a physician and that the person conveying the order is, in fact, merely acting as a "conduit." Such reasonable steps will depend on individual circumstances and will differ according to such factors as the setting in which the order is conveyed and whether the physician and person communicating the order are personally known to the nurse.
Second, as in all cases where nurses execute physician orders, prior to executing the order the nurse in question has a statutory responsibility pursuant to C.R.S. 1973, 12-38-117(1)(c) and (1)(f) (Supp. 1981) to assure herself that the order is a safe and appropriate one. Those sections provide for disciplinary action by the State Board of Nursing against any nurse whose actions are inconsistent with patient health and safety or are below generally accepted standards of nursing care.
As you know, my April 16, 1981 opinion deals mainly with an interpretation of the Nurse Practice Act, although it tangentially involves an interpretation of the scope of practice of physician extenders under the Medical Practice Act, in particular under C.R.S. 1973, 12-36-106(3)(l). While the permissible scope of practice of physician extenders has recently been a matter of some dispute in the general assembly, that dispute in no way affects my opinion today. This is because the present opinion deals with physician extenders acting only as conduits of physician orders rather than as independent practitioners or as the initiators of any medical orders.[1]
SUMMARY
To briefly summarize and to clarify my April 16, 1981 opinion (alpha no. RG NU AGADU), it is my opinion that nothing in the Nurse Practice Act prohibits a nurse from executing physician orders which are conveyed or communicated to the nurse through a physician extender.
Very truly yours,
 J.D. MacFARLANE Attorney General
NURSES, PRACTICAL LICENSES, OCCUPATIONAL AND PROFESSIONAL MEDICAL PRACTITIONERS, LIMITED
C.R.S. 1973, 12-38-101
C.R.S. 1973, 12-36-101
C.R.S. 1973, 12-36-101(3)(l)
REGULATORY AGENCIES, DEPT. Nursing, Bd. of Medical Examiners, Bd. of
Clarifies attorney general opinion of April 16, 1981 (RG NU AGADU). The Nurse Practice Act does not prohibit a nurse from executing physician orders which are or communicated to the nurse through a physician extender, physician assistant or other individual acting merely as a conduit of the order.
[1] This same analysis would apply whether the individual acting as a conduit is functioning as a physician extender pursuant to C.R.S. 1973, 12-36-106(3)(l) or is functioning in some other capacity (e.g., office nurse or receptionist). This is because the Nurse Practice Act, C.R.S. 1973, 12-38-101 et seq. does not require that orders be conveyed personally to a nurse by a physician. Regardless of who is conveying the order, however, the nurse should follow the precautionary measures specified above.